IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DeMARIUS WALKER, #Y25304, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 23-cv-01466-SMY |
| ) | |
| CHIEF ENGINEER BEERS, ) | |
| CODY HAUGHT, ) | |
| WARDEN THOMPSON, ) | |
| DIETARY SUPERVISOR LONG, ) | |
| and INTERNAL AFFAIRS ROBINSON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court for review is Plaintiff DeMarius Walker's Third Amended Complaint[1] (Doc. 18) filed pursuant to 42 U.S.C. § 1983 on October 14, 2023. Plaintiff is an inmate in the custody of the Illinois Department of Corrections (IDOC) and is incarcerated at Pinckneyville Correctional Center. He allegedly suffered serious injuries when he was electrocuted while working in the kitchen at Centralia Correctional Center. (Doc. 18, pp. 1-4). He seeks money damages from the defendants. *Id*. This case is now before the Court for review under 28 U.S.C. § 1915A, which requires the Court to dismiss any portion of the Third Amended Complaint that is frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b).

---

[1] The Third Amended Complaint combines all of the claims and defendants that Plaintiff named in three separate actions he filed in this Court to address the same incident. *See Walker v. Thompson, et al.*, No. 23-cv-01466-SMY (S.D. Ill. filed May 1, 2023) (first case); *Walker v. Thompson, et al.*, No. 23-cv-02430-SMY (S.D. Ill. filed July 13, 2023) (second case); *Walker v. Beers, et al.*, No. 23-cv-02372-SMY (S.D. Ill. filed Aug. 8, 2023) (third case). The first and third cases were consolidated into this action on September 14, 2023, and the second case was administratively closed on July 23, 2023. Plaintiff retained counsel to prepare and file the Third Amended Complaint (Doc. 18), which supersedes and replaces all prior complaints (Docs. 1, 12, and 14) and renders them **VOID**.

### Third Amended Complaint

The Third Amended Complaint sets forth the following allegations (Doc. 18, pp. 1-4): Plaintiff worked in the kitchen at Centralia in 2021. *Id*. at ¶ 12. In July 2021, he identified a problem with the electrical system involving an obviously broken, bent, and exposed electrical plate cover. *Id*. at ¶¶ 10-11. Plaintiff immediately notified his supervisor, Dietary Supervisor Long, and asked that the damaged plate cover be repaired. *Id*. at ¶ 10. Long said, "The State is not going to fix it, everything is going to shit." *Id*.

Plaintiff filed a grievance to report the unsafe condition in his work area on July 27, 2021. *Id*. at ¶ 12. Dietary Supervisor Long and Inmate Hawthorne were both present when Plaintiff made the report. *Id*. at ¶ 13. Lieutenant Robinson interviewed Inmate Hawthorne about the issue. *Id*. Warden Thompson had a duty to review grievances, and Chief Engineer Beers and IDOC Electrician Haught had a duty to remedy the situation. *Id*. Despite Plaintiff's efforts to put all of these defendants on notice of the potentially life-threatening situation presented by the broken plate cover, none of them took steps to address the issue. *Id*. at ¶ 14.

On August 8, 2021, Plaintiff was pushing a metal cart through the kitchen when it struck the metal box with the bent plate cover. *Id*. at ¶ 15. Plaintiff suffered an immediate and serious electrocution injury to his brain, kidneys, and other systems. *Id*. at ¶ 16. The electrocution left him unconscious, disfigured, and permanently disabled. *Id*. He required treatment from a team of physicians and surgeons and requires future treatment from them as well. *Id*. He now suffers from mobility loss, memory loss, and pain. *Id*.

### Discussion

Plaintiff asserts a single Eighth Amendment claim against the defendants for subjecting him to unconstitutional conditions of confinement at Centralia. The Eighth Amendment is violated

by prison officials who act with deliberate indifference to an excessive risk of harm to a prisoner's health or safety and deny that inmate the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Section 1983 liability hinges on personal involvement in a constitutional violation.  *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022).  Thus, Plaintiff must allege that each defendant caused or participated in a constitutional deprivation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

Here, Plaintiff alleges that Defendants Long and Robinson knew of and intentionally disregarded a serious risk of harm posed by the broken electrical plate, even after Plaintiff submitted verbal and written complaints to them in July 2021.  Therefore, Count 1 will proceed against these two individuals.

However, IDOC Electrician Haught, Chief Engineer Beers, and Warden Thompson will be dismissed.  Plaintiff alleges that these defendants "had a duty" to either review grievances or remedy the situation.  While a breach of this duty might give rise to a negligence claim under Illinois law,[2] negligence does not support an Eighth Amendment claim.  As such, Plaintiff's allegations fail to state a claim against these three individual defendants, and they will be dismissed from this action.

**Disposition**

The Third Amended Complaint (Doc. 18) survives screening under 28 U.S.C. § 1915A. The Eighth Amendment claim in **COUNT 1** will proceed against Defendants **LONG** and **ROBINSON**.  However, **COUNT 1** is **DISMISSED** without prejudice against Defendants **HAUGHT, BEERS,** and **THOMPSON**.

---

[2] Plaintiff asserts no claim of negligence under Illinois state law.  (*See* Doc. 18).

The Clerk shall prepare for Defendants **LONG** and **ROBINSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint (Doc. 18), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Third Amended Complaint (Doc. 18) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status in this case. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE Defendants HAUGHT, BEERS, and THOMPSON in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:   December 4, 2023**               *s/ Staci M. Yandle*
                                            **STACI M. YANDLE**
                                            **United States District Judge**